**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JULBERT ORELUS,

Petitioner,

v. Case No. 1:26-cv-03304 KWR-JHR

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen in ICE detention. Petitioner has been mandatorily detained without a bond hearing. As explained below, the Court concludes that Petitioner's detention is governed by the discretionary detention provision under § 1226(a) as he is not seeking admission into the United States, and he is entitled to a bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to provide Petitioner with a bond hearing within seven (7) days of the entry of this order or else release him.

**BACKGROUND**

Petitioner is a citizen of Haiti and is currently detained by ICE at the Torrance county Detention Center. Petitioner entered the United States in 2023. Petitioner asserts that he was arrested by ICE officers on July 23, 2026.

On September 5, 2025, the Board of Immigration Appeals issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). It appears that Petitioner has not received a bond hearing under § 1226(a).

Petitioner appears to assert that he has not received a bond hearing under § 1226(a) and he is entitled to an individualized custody determination. He asserts he is erroneously mandatorily detained under § 1225(b)(2)(A).

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

## I. **The discretionary detention provision under 8 U.S.C. § 1226(a) applies to Petitioner, rather than the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A).**

Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) as he has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents have argued in other cases that the mandatory detention provision under § 1225(b)(2)(A) applies, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States. He lived in the United States for years prior to his detention, and Respondents do not assert that he was detained at the border or detained while attempting to enter the United States. The statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *see also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a).

Respondents assert that his parole was revoked and therefore he returned to his status at the border when he was paroled. Respondents have not provided sufficient evidence regarding the revocation or expiration of his parole. Moreover, in the Tenth Circuit, it is unclear whether he is returned to his status at the border under § 1225(b)(2)(A), as he was arrested after living in the

United States for years. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."). And Respondents do not assert that he was placed in expedited removal proceedings under § 1225(b)(1). Notably, § 1225(b)(1) does not mandate detention for all arriving aliens, but only for those in specific circumstances during expedited removal.

## II. <u>The Court finds that a bond hearing is an appropriate remedy</u>.

Petitioner asserts that he should be released. For the reasons stated below, the Court orders a bond hearing. Petitioner did not carry his burden to show that the Court is required to release him rather than order a bond hearing. Moreover, he did not demonstrate that the Court should shift the burden at any bond hearing to the Respondents. As explained below, relying in part on the burden of proof and the principle of party presentation, the Court declines to immediately release Petitioner. Therefore, exercising its discretion under § 2241, the Court will order an individualized bond hearing.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the

petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Section 1226(a) affords Respondents discretion to detain, release on bond, or parole a noncitizen. Notably, this section does not expressly provide a statutory right to immediate release. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…").

To be sure, federal district courts have broad equitable power in ordering habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). A federal court is vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on

*habeas corpus.*" *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987) (citation omitted). "Federal habeas corpus practice ... indicates that a court has broad discretion in conditioning a judgment granting habeas relief." *Id.* In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (noting that § 2243 gives district courts "broad discretion to craft appropriate habeas relief."). "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). It is the "nature of the violation" that "determines the scope of the remedy." *Id.* at 16. Generally, the Court has authority to order release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

Here, the Court in its discretion would order a bond hearing, as an individualized bond hearing would provide Petitioner with the process he is due under the statute. *See* § 1226(a) (providing that the Attorney General *may* continue to detain a noncitizens pending a decision on removal or *may* release the noncitizen on bond or parole); *see Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *4 (D. Colo. Feb. 24, 2026) (ordering bond hearing rather than immediate release where due process rights were violated by respondents' failure to apply § 1226(a) discretionary detention provisions); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *5 (D.N.M. Feb. 5, 2026) (noting that process due is an individualized bond hearing); *Velasquez Salazar v. Dedos*, No. 1:25-cv-835, 2025 WL 2676729, at *5 (D.N.M. Sep. 17, 2025) ("Because ... § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."). Moreover, in a similar case the Tenth Circuit directed a district court on remand to "order

the Government to, within seven days of such order, either provide [petitioner] with a bond hearing or else release him." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026).

Petitioner does not demonstrate in his Petition that any due process or constitutional violation *requires* his release. He does not cite to any standard or law the Court should apply in deciding whether a due process violation requires his release. For example, should the Court apply the *Mathews* test in determining whether he should be immediately released, and if so, how does the *Mathews* test apply to the facts of this case to warrant his immediate release? The Court therefore declines to *sua sponte* analyze whether a constitutional claim requires his release over a bond hearing, as this issue was not properly argued or presented to the Court. *See, e.g., United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or do research on his behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether he must be immediately released, or he has not carried his burden.

Accordingly, the Court finds that the proper remedy is an individualized bond hearing pursuant to § 1226(a). If Respondents fail to provide an individualized bond hearing within seven days of the entry of this order, they shall release Petitioner.

Moreover, Petitioner does not argue or explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, and the Court declines to *sua sponte* analyze this issue.

**III. <u>Petitioner's remaining claims</u>.**

Because the Court grants habeas relief, the Court need not rule on his other claims or enter a declaration. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (finding it unnecessary to address an additional claim in a habeas petition after granting full relief on one claim because "any relief [petitioner] could obtain on that claim would be cumulative."); *Scott v. Mullin*, 303 F.3d 1222, 1224 (10th Cir. 2002) (declining to address the remaining claims in a habeas petition after already granting habeas relief on one claim). Generally, a district court should avoid ruling on constitutional claims if it is not necessary to decide them. *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) (stating that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). As explained above, he has not demonstrated that he is entitled to release over a bond hearing. Therefore, he has received all relief to which he is entitled.

**CONCLUSION**

The Court concludes that Petitioner's detention pending a decision on whether he should be removed from the United States is governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition is granted in part. Respondents are directed to arrange an individualized bond hearing pursuant to § 1226(a) for Petitioner before an immigration judge within **seven (7)**

**days** of the entry of this Order. **Respondents shall not deny Petitioner bond or parole on the basis that § 1225(b) requires mandatory detention.** If Respondents do not provide him an individualized bond hearing in seven days, they shall release him. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (directing the district court on remand to "order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").[1] The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall provide an individualized bond hearing before an immigration judge for Petitioner pursuant to § 1226(a), as opposed to § 1225(b), within **seven (7) days** of the entry of this order, provided that the Court makes no determination when in the future § 1231 detention provisions may apply. If Respondents do not provide an individualized bond hearing within seven days of the entry of this order, they shall release him.

**IT IS FURTHER ORDERED** that Petitioner's Motion (Doc. 2) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[1] However, if Petitioner requests an extension of time to hold the bond hearing, that extension will not be held against the Respondents.